IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON ROBINSON                    FILED           CIVIL ACTION

          v.                    APR 01 2013

LANCASTER COUNTY PROSECUTOR, ...E...KUNZ, Clerk   NO. 13-1261
et al.                              Dep. Clerk

**MEMORANDUM**

DAVIS, J.                                    APRIL 1st, 2013

    Aaron Robinson, a prisoner incarcerated at the Lancaster County Prison, brings this <u>pro</u> <u>se</u> civil rights action based on his allegations that the defendants conspired to manufacture evidence against him, resulting in his conviction in the Lancaster County Court of Common Pleas.  He named as defendants Christopher Larsen, the Assistant District Attorney who prosecuted him; Detective Roland Breault, the officer who arrested and investigated him; Janice Longer, who appears to be his court-appointed attorney; the Lancaster City Police Department; the "Lancaster County Prosecutor"; the "Lancaster County Public Defenders"; and Lancaster County.  For the following reasons, the Court will grant plaintiff leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   **FACTS**[1]

    According to the publicly available docket of plaintiff's

---

    [1]The following facts are taken from the complaint, the exhibits attached thereto, and the publicly available docket of the criminal proceeding underlying this case, CP-36-CR-0001681-2012.

1

criminal proceeding, plaintiff was charged in the Lancaster
County Court of Common Pleas with robbery, kidnaping, extortion,
and related offenses.  Thereafter, Assistant District Attorney
Larsen and Detective Breault met with one of plaintiff's co-
defendants, Lennell Preston.  A report from that meeting prepared
by Detective Breault, which is attached to the complaint, reveals
that Breault set up the meeting after Preston expressed his
desire to cooperate with the prosecution.  During that meeting,
Preston confessed his role in the charged crimes and disclosed
how plaintiff and a third individual were involved in the
offenses.  Preston also "voluntarily surrendered several hand-
written letters" that he received from plaintiff, which revealed
that plaintiff was attempting to manufacture witness testimony to
dispute the victim's version of events.  The report also reflects
that Preston informed plaintiff's court-appointed counsel,
Attorney Longer, about his desire to surrender to the police.[2]

Detective Breault's report was added to the discovery in
plaintiff's criminal case.  After a trial, plaintiff was found
guilty by a jury.  Less than two months later, he filed the
instant lawsuit pursuant to 42 U.S.C. § 1985, alleging that
Larsen, Breault, Longer, the entities for whom they work, and
Lancaster County conspired to violate his rights by meeting with
Preston and "manufacturing" evidence against him.  He also
indicates his belief that Larsen should not have been collecting

------

[2]It does not appear that Longer represented Preston.  See
CP-36-CR-0001538-2012.

2

evidence because he is a prosecutor as opposed to an
"investigator."  Plaintiff seeks an injunction staying the
criminal proceedings in the Lancaster County Court of Common
Pleas, an investigation of the defendants, and additional
discovery in his criminal case.

## II.   STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis
because he has satisfied the criteria set forth in 28 U.S.C. §
1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which
requires the Court to dismiss the complaint if it is frivolous.
A complaint is frivolous if it "lacks an arguable basis either in
law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989),
and is legally baseless if it is "based on an indisputably
meritless legal theory."  Deutsch v. United States, 67 F.3d 1080,
1085 (3d Cir. 1995).

## III. DISCUSSION

Plaintiff may not enjoin his criminal proceedings by way of
a civil rights action.  See Younger v. Harris, 401 U.S. 37, 43-44
(1971); Brown v. Calabro, No. 12-4011, 2013 WL 343457, at *3 (3d
Cir. 2013) (per curiam).  Furthermore, as his criminal case has
resulted in a conviction, plaintiff may only pursue his claims
via a petition for a writ of habeas corpus after exhausting
available state remedies.  See Preiser v. Rodriguez, 411 U.S.
475, 500 (1973) ("[W]hen a state prisoner is challenging the very
fact or duration of his physical imprisonment, and the relief he
seeks is a determination that he is entitled to immediate release

3

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Accordingly, plaintiff has no legal basis for a civil rights claim, and his complaint will be dismissed. Although a district court should generally provide a pro se plaintiff with leave to amend, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), plaintiff will not be permitted to file an amended complaint because he cannot cure the above deficiencies.

**IV.  CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.